957 So.2d 1160 (2007)
In re AMENDMENTS TO FLORIDA RULES OF CRIMINAL PROCEDURERULE 3.704 AND RULE 3.992.
No. SC07-484.
Supreme Court of Florida.
April 19, 2007.
O.H. Eaton, Jr., Chair, Criminal Court Steering Committee, Circuit Judge, Eighteenth Judicial Circuit, Sanford, FL, for Petitioner.
PER CURIAM.
The Supreme Court Criminal Court Steering Committee (Committee) has filed an emergency petition proposing amendments to the Florida Rules of Criminal Procedure to conform the rules to recent legislation.[1] We have jurisdiction. See art. V, § 2(a), Fla. Const.
In chapter 2007-2, section 5, Laws of Florida, as part of the Anti-Murder Act, effective March 12, 2007, the Legislature amended section 921.0024(1)(b), Florida Statutes, to mandate the assessment of community sanction violation points for violations occurring on or after March 12, 2007, of probation or community control by a violent felony offender of special concern as defined in section 948.06, Florida Statutes (2006). Specifically, twelve community sanction violation points must be assessed for violations by qualifying offenders, other than violations that involve a failure to pay costs or fines or to make restitution or that include a new felony conviction. Twenty-four community sanction violation points must be assessed for a violation by a qualifying offender based upon a new felony conviction.
The Committee proposes amendments to rule 3.704, The Criminal Punishment Code, and having consulted with the Florida Department of Corrections,[2] to rule 3.992, Criminal Punishment Code Scoresheets. Rule 3.704(d)(16) governs the assessment of community sanction violation points. The amendment to rule 3.704(d)(16) adds the two new alternative provisions for imposition of community sanction points as established by chapter 2007-2, section 5, Laws of Florida, for violations occurring on or after March 12, 2007. The proposed amendments to rule 3.992(a) add the two new alternative provisions to the Criminal Punishment Code Scoresheet, revise the "Effective Date" footer on the scoresheet, and include several technical changes. The proposed amendment to rule 3.992(b), the Supplemental Criminal Punishment Scoresheet, is limited to revising the "Effective Date" footer.
After considering the Committee's proposals and reviewing the relevant legislation, we adopt the proposed amendments with minor modifications. Accordingly, we adopt rule 3.704(d)(16) and the criminal punishment code scoresheets found at rules 3.992(a) and 3.992(b), as reflected in the appendix to this opinion. New language is indicated by underscoring, and deleted language is struck through. The amendments shall become effective immediately upon release of this opinion. However, because the Court did not publish the amendments for comment prior to their adoption, interested persons shall have sixty *1161 days from the date of this opinion in which to file comments with the Court.[3]
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
RULE 3.704 THE CRIMINAL PUNISHMENT CODE
(a)-(c) [No Change]
(d) General Rules and Definitions
(1)-(15) [No Change]
(16) Community sanction violation points occur when the offender is found to have violated a condition of:
(A) Probation;
(B) Community Control; or
(C) Pretrial intervention or diversion.
Community sanction violation points are assessed when a community sanction violation is before the court for sentencing. Six community sanction violation points must be assessed for each violation or if the violation results from a new felony conviction, 12 community sanction violation points must be assessed. For violations occurring on or after March 12, 2007, if the community sanction violation that is not based upon a failure to pay fines, costs, or restitution is committed by a violent felony offender of special concern as defined in s. 948.06, twelve community sanction violation points must be assessed or if the violation results from a new felony conviction, 24 community sanction points must be assessed. Where there are multiple violations, points may be assessed only for each successive violation that follows a continuation of supervision, or modification or revocation of the community sanction before the court for sentencing and are not to be assessed for violation of several conditions of a single community sanction. Multiple counts of community sanction violations before the sentencing court may not be the basis for multiplying the assessment of community sanction violation points.
(17)-(28) [No Change]

Committee Notes

[No Change]
*1162 
*1163 
*1164 
NOTES
[1] The proposed amendments conform the rules to chapter 2007-2, section 5, Laws of Florida (amending section 921.0024(1)(b), Florida Statutes).
[2] Section 921.0024(4), Florida Statutes (2006), requires that the Department of Corrections develop and submit the revised Criminal Punishment Code Scoresheet to the Court for approval by June 15 of each year, as necessary, in consultation with the Office of the State Courts Administrator, state attorneys, and public defenders.
[3] An original and nine paper copies of all comments must be filed with the Court on or before June 19, 2007, with a certificate of service verifying that a copy has been served on the Committee Chair, Honorable O.H. Eaton, Jr., Circuit Judge, Eighteenth Judicial Circuit, 101 Bush Blvd., Sanford, Florida 32773, as well as separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until July 10, 2007, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).